IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00442–WYD–KMT

ALISON JONES,

    Plaintiff,

v.

PIZZA HUT, INC.,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's letter/motion requesting that this court appoint counsel for her in this matter. (Doc. No. 14.) Plaintiff seeks reconsideration of the minute order (Doc. No. 5) entered by Magistrate Judge Boyd N. Boland denying as premature her previous request for appointment of counsel (Doc. No. 4).

Plaintiff has filed an Employment Discrimination Complaint in which she asserts claims of racial discrimination, age discrimination, and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See* Doc. No. 3.)

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). The district court, however, in its discretion, may appoint counsel for a plaintiff asserting claims under Title VII "in such circumstances as the court may deem just." 42 U.S.C.

§ 2000e-5(f)(1). The court may also "request an attorney to any person unable to afford counsel" under the *in forma pauperis* statute. 28 U.S.C. § 1915(e).

The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases. *Castner*, 979 F.2d at 1420. Before the court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination." *Id.* In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion." *Id.* The discretion granted to the court in appointing counsel is extremely broad. *Id.*

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments." *Id.* at 1421. Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services. *Id.*

The court has reviewed Plaintiff' letter/motion to appoint counsel under these standards. Based on the court's review of the docket, the court finds that Plaintiff has shown financial inability to pay for counsel. (*See* Doc. Nos. 1, 2.) It appears Plaintiff has been diligent in searching for counsel. She states she has "contacted every attorney on the PELA (Plaintiff's Employment Lawyer's Association)" (Doc. No. 4) and noone will take her case. (*Id.*; Doc. No. 14.) Apparently, none of the attorneys found plaintiff's case to be meritorious enough to represent her. If every attorney on the PELA has declined to take her case, especially when

many of them represent plaintiffs in civil rights cases, the court finds that to appoint counsel in such a situation would amount to a coercive appointment.

Moreover, the Equal Employment Opportunity Commission found on November 25, 2009, that their investigation did not establish a violation of the statute. This finding and the decision many attorneys not to represent the plaintiff provide strong evidence that plaintiff's case lacks merit. The allegations of the complaint do not convince the court that the plaintiff's chances of succeeding on the merits are strong enough to warrant the appointment of counsel. Finally, the court considers the fourth *Castner* factor, i.e., Plaintiff's capacity to present the case without counsel. Based on the court's review of the pleadings filed by Plaintiff to date, the court finds that Plaintiff appears able to adequately communicate to the court the pertinent facts giving rise to her claims. This case involves relatively uncomplicated facts and asserts claims against a single defendant. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to presenting her case, she can do so adequately without the assistance of counsel. The court therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

In addition to appointing counsel under Title VII, the court may appoint counsel for Plaintiff under the *in forma pauperis* statute. While the factors a court considers for appointment of counsel under the *in forma pauperis* statute are not identical to the *Castner* factors for appointing counsel under Title VII, the factors are similar. In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the

claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

As stated above, the court does not find Plaintiff's claims to have sufficient merit to warrant the appointment of counsel. It further finds that Plaintiff has sufficient ability to present her claims, the factual issues are relatively uncomplicated, and any legal issues raised therein are not complex. The court therefore declines to appoint counsel for Plaintiff under 28 U.S.C. § 1915(e).

Accordingly, Plaintiff's letter/motion requesting that this court appoint counsel for her in this matter (Doc. No. 14) is DENIED.

Dated this 30th day of March, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge